# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**KEVIN GLENN,**

      Petitioner,

v.                                       **CIVIL ACTION NO. 5:20-CV-188**
                                               Judge Bailey

**PAUL ADAMS,**

      Respondent.

## MEMORANDUM AND OPINION

Before the Court is the petitioner's *pro se* habeas petition filed pursuant to 28 U.S.C. § 2241. The petitioner is incarcerated at FCI Hazelton and is seeking release to home confinement due to the Covid-19 pandemic.

## I. BACKGROUND

The petitioner pleaded guilty in the United States District Court for the District of Maryland to Conspiracy to Distribute and Possess with Intent to Distribute Narcotics in violation of 21 U.S.C. § 846 as well as Aiding and Abetting in violation of 18 U.S.C. § 2. On May 15, 2004, the petitioner was sentenced to a term of 360 months imprisonment. His current projected release date is July 6, 2027.

On August 28, 2020, the petitioner filed this § 2241 petition asking the Court to provide compassionate release to home confinement, citing his medical circumstances and the COVID-19 pandemic as the basis for his request.

## II. ANALYSIS

Courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic–the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A). In the instant matter, the petitioner refers to the "Compassionate Release bill," making it difficult to discern which mechanism he is asserting as a basis for his petition for release, so the Court will address each in turn.

### A. CARES Act

First, Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). Cares Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

### B. 18 U.S.C. § 3582(c)(1)(A)(ii)

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(I) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, it is clear that the petitioner is unable to proceed under this mechanism in a § 2241 in this district, because courts in this Circuit and elsewhere have consistently found that such a request must instead be brought in the sentencing court. *See, e.g.*, **Robinson v. Wilson**, 2017 WL 5586981, at *5 (S.D. W.Va. Sept. 26, 2017) (Eifert, M.J.) ("Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and

be addressed by the sentencing court."), *report and recommendation adopted*, 2017 WL 5586272 (S.D. W.Va. Nov. 20, 2017) (Faber, J.); **Deffenbaugh v. Sullivan**, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (Flanagan, J.) ("If petitioner now seeks to file his own motion for § 3582 compassionate release, such a motion must be filed in the sentencing court."); **Allah v. Fed. Bureau of Prisons Dir.**, 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016) (Marchant, M.J.) (same) (collecting cases), *report and recommendation adopted*, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (Hendricks, J.); **Himmel v. Upton**, 2019 WL 1112923, at *2 n.6 (N.D. Tex. Mar. 11, 2019) ("[A]ny motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court."); **Braswell v. Gallegos**, 82 F. App'x 633, 635 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.").

### III. CONCLUSION

Because the Court does not have the power to order home confinement under the CARES Act, and the petitioner was not sentenced in the Northern District of West Virginia, this Court does not have jurisdiction over this matter. Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE**. The petitioner's Motion for Leave to Proceed *in forma pauperis* **[Doc. 2]** is **GRANTED**. The petitioner is advised that if he desires to have a court review his compassionate release request, he must file a § 3582 motion with the Court that sentenced him.

It is so **ORDERED**.

The Clerk is directed to mail a copy of ths Order to the *pro se* petitioner by certified

mail, return receipt requested. The Clerk is further directed to vacate the Notice of Deficient Pleading **[Doc. 6]** and close this case.

    **DATED**: September 1, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE